UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVON A.R. SMITH, | : |
| Plaintiff | : CIV. ACTION NO. 3:25-CV-737 |
| v. | : (JUDGE MANNION) |
| BERNADETTE MASON, *et al.*, | : |
| Defendants | : |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the complaint will be dismissed without prejudice, and plaintiff will be granted leave to file an amended complaint.

**I. BACKGROUND**

Plaintiff, Devon A.R. Smith, filed this case in the United States District Court for the Eastern District of Pennsylvania on April 7, 2025, and the court received and docketed his complaint on April 21, 2025. (Doc. 2). The Eastern District transferred the case to this district on April 25, 2025. (Doc. 5). The Clerk of Court subsequently issued a 30-day administrative order requiring Smith to either move for leave to proceed *in forma pauperis* or pay the requisite filing fee. (Doc. 8). In response to the order, Smith has filed two motions for leave to proceed *in forma pauperis*. (Docs. 10, 14). The case is

before the court for a screening review pursuant to 28 U.S.C. §1915A(a) and 28 U.S.C. §1915(e)(2)(B)(ii).

Smith's complaint asserts civil rights claims pursuant to 42 U.S.C. §1983. (Doc. 2). According to his complaint, Smith an inmate in Mahanoy State Correctional Institution ("SCI-Mahanoy"), was denied a meal on February 3, 2025, by defendant Stancik, a correctional officer in the prison. (*Id.* at 2). Stancik also purportedly gave Smith a fingernail clipper and told Smith to hurt himself. (*Id.*) In response to this statement, Smith allegedly hurt himself in an unspecified manner "5 different times." (*Id.*) Stancik and other individuals allegedly watched Smith harm himself and "egged [him] on" by calling him a "pussy ass faggot" and denying him food. (*Id.*) Smith attempted to report these events to the prison's program review committee and the superintendent, but they allegedly ignored him. (*Id.*)

Smith was allegedly transported to an outside hospital on an unspecified date where he remained for approximately five days to treat injuries suffered when he harmed himself. (*Id.*) The complaint asserts that while he was in the hospital, medical staff removed "sharp pieces of metal" that were stuck in Smith's lungs. (*Id.*) The complaint alleges that because of this injury, Smith can no longer eat solid foods and must remain on a "special diet" for the rest of his life. (*Id.*) The complaint additionally alleges that

2

unnamed individuals called him a "flaming faggot" and other unspecified "gay slurs." (*Id.*)

Smith names as defendants Stancik, deputy superintendents Thomas Sokaloski and Jeffrey Eyer, and Rodriguez, a lieutenant in the prison. (*Id.* at 2-3). Smith seeks damages and injunctive relief. (*Id.* at 5).

## II. DISCUSSION

This court must review a complaint when "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. *Id.* §1915A(b)(1). The court has a similar screening obligation regarding actions filed by prisoners proceeding *in forma pauperis*. *Id.* §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").

In screening legal claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Coward v. City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); *Smith v. Delaware*, 236 F. Supp.3d 882, 886 (D. Del. 2017).

To avoid dismissal under Rule 12(b)(6), a plaintiff must set out "sufficient factual matter" to show that his claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679.

When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *Id.* However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a district court's screening under Section 1915A and 1915(e)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

4

Plaintiff's claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat*

superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. *Id.*

Smith's complaint asserts claims for violations 4th, 7th, 8th, and 14th Amendments as well as the "Nelson Mandela Rules." (Doc. 2 at 3). Having liberally construed the complaint, however, the court can only discern claims for violation of the Eighth Amendment based on the denial of a single meal, verbal abuse, and deliberate indifference to a risk of self-harm. The court accordingly bases its analysis on these claims. To the extent any other claims are intended to be asserted in the complaint, they will be dismissed for failure to state a claim upon which relief may be granted because the court cannot discern what factual allegations are made in support of the claims.

With respect to the Eighth Amendment claims, Smith's complaint plainly fails to state a claim upon which relief may be granted against defendants Sokaloski, Eyer, and Rodriguez, because it fails to allege the personal involvement of any of these defendants in the alleged civil rights violations. There are simply no allegations in the complaint of any actions taken by these defendants. Rather, it appears that Smith is attempting to

hold them liable solely because they hold supervisory roles in the prison, which is not sufficient for personal involvement. *See Rode*, 845 F.2d at 1207.

The complaint also fails to state a claim to the extent it asserts civil rights claims based on the denial of a single meal or verbal abuse, because neither of those actions would constitute a violation of plaintiff's constitutional rights. *See, e.g., Sears v. McCoy*, 815 F. App'x 668, 670 (3d Cir. 2020); *Rieco v. Moran*, 633 F. App'x 76, 78-79 (3d Cir. 2015); *Lindsey v. O'Connor*, 327 F. App'x 319, 321 (3d Cir. 2009).

The court finds, however, that the complaint adequately states a claim for violation of the Eighth Amendment against Stancik based on allegations that Stancik encouraged Smith to harm himself. Although it is somewhat unclear from the complaint what self-harm Smith engaged in, the court liberally construes the complaint as alleging that Stancik pressured Smith into swallowing all or part of a metal fingernail clipper through verbal harassment and withholding of food and that Smith suffered severe physical injuries as a result. (*See* Doc. 2 at 5). This is sufficient to state a claim for violation of the Eighth Amendment. *See Palakovic v. Wetzel*, 854 F.3d 209, 223-24 (3d Cir. 2017) (noting that plaintiff asserting claim for deliberate indifference to suicide or self-harm must allege (1) that the plaintiff had a particular vulnerability, meaning that there was a "strong likelihood, rather

than a mere possibility" that the plaintiff would attempt to harm himself; (2) that the defendant knew or should have known of the plaintiff's particular vulnerability; and (3) that the defendant acted with reckless or deliberate indifference to the plaintiff's particular vulnerability).

Before dismissing a civil rights claim for failure to state a claim, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Here, the court will grant Smith leave to file an amended complaint to cure the deficiencies identified with respect to his dismissed claims because the court cannot say as a matter of law that amendment of the claims would be inequitable or futile.

### III. CONCLUSION

For the foregoing reasons, the court will dismiss Smith's complaint without prejudice except to the extent that he asserts a claim against defendant Stancik for deliberate indifference to the risk of self-harm in violation of the Eighth Amendment and grant Smith leave to file an amended complaint. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 5/24/25
25-737-01

8